UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Janet Jones,**

    **Plaintiff,**

                              Case No. 13-14512

v.

                              Honorable Denise Page Hood

**Federal Home Loan Mortgage**
**Corporation,**

    **Defendant.**
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#4], DENYING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF JURISDICTION [#6], AND DISMISSING THIS CASE WITH PREJUDICE

This matter is before the Court (removed from Macomb County Circuit Court) on Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss Plaintiff's Complaint **[Docket No. 4, filed November 25, 2013]** to which Plaintiff filed a brief in opposition, **[Docket No. 7, filed December 10, 2013]** and Defendant filed a reply **[Docket No. 10, filed December 27, 2013]**.  Also before the Court is Plaintiff's Motion to Dismiss for Lack of Jurisdiction **[Docket No. 6, filed December 4, 2013]** to which Defendant filed a response **[Docket No. 9, filed December 23, 2013].**  For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.  Plaintiff's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

I.   **PROCEDURAL HISTORY & BACKGROUND**

On or about May 2, 2007, Plaintiff Janet Jones executed a mortgage and note as security for a $206,000.00 loan from Washington Mutual Bank, FA ("Washington Mutual"), to finance the purchase of real property located at 30841 Ohmer Drive, Warren Michigan 48092 (the "Property"). On July 29, 2012, Washington Mutual assigned the mortgage on the property to JPMorgan Chase Bank, NA ("JP Morgan Chase"). Both the mortgage and assignment were recorded in the Macomb County Register of Deeds.

Following this assignment, Plaintiff defaulted on her mortgage payments, leading to foreclosure of the property. Foreclosure proceeded by publication and notice of the sale was posted on August 8, 15, 22, and 29, 2012. The property was sold at a Sheriff's Sale on September 7, 2012 to Freddie Mac. The Sheriff's Deed noted that the last day to redeem the property was March 7, 2013, consistent with the sixth month statutory redemption period. Plaintiff failed to redeem the property by March 7, 2013.

Though Plaintiff failed to redeem the property, she remained on the premises. Freddie Mac commenced eviction proceedings against Plaintiff in the State of Michigan 37th District Court, Case No. 136843-LT, before the Honorable Matthew Sabaugh. On or about July 25, 2013, Plaintiff filed a counterclaim against Defendant alleging: Fraudulent Misrepresentations (Count I); Breach of Contract

(Count II); Violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* (Count III); and Violation of M.C.L. § 600.3204, *et. seq.* (Count IV).

On August 27, 2013, the 37th District Court entered an order, pursuant to a stipulation by the parties, removing the counterclaim/Plaintiff's Verified Counter Complaint (the "complaint") to Macomb County Circuit Court. The case was docketed on or about October 18, 2013, as *Janet Jones v. Federal Home Loan Mortgage Corporation*, Case No. 2013-004205-CH, before the Honorable John Foster. Following removal to Macomb County Circuit Court, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") removed the complaint to this Court.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of

facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

4

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court notes that consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). In assessing the facial sufficiency of the complaint, the Court must ordinarily do so without resorting to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir .2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010).

The Court further notes that even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. Where a plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated and assessed without converting a motion to

dismiss to a motion for summary judgment, even though the complaint referred only to the "plan" and not the accompanying documents). Additionally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (quoting *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

### III.   ANALYSIS

#### A.  Plaintiff's Motion to Dismiss for Lack of Jurisdiction

In Plaintiff's Motion to Dismiss and her Reply to the Defendant's Motion to Dismiss, Plaintiff argues that this Court lacks jurisdiction to decide this case and that the case should be remanded to State court. A decision on the issues in this case requires first a determination of whether this Court has proper jurisdiction over the matter. Defendant argues that this Court has jurisdiction over the case, pursuant to 12 U.S.C. § 1452(f) which state:

> Notwithstanding section 1349 of Title 28 or any other provision of law, (1) the Corporation *shall be deemed to be an agency* included in sections 1345 and 1442 of such Title 28; (2) *all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions* . . . ; and (3) *any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed*

> *by the Corporation*, . . . to the district court of the United States for the district and division embracing the place where the same is pending . . . .

This Court has jurisdiction over this case because Freddie Mac is a party and has removed the case to District Court, as allowed. For this reason, Plaintiff's Motion to Dismiss for Lack of Jurisdiction **[Docket No. 6]** is **DENIED**.

### B. Defendant's Motion to Dismiss

#### 1. Defendant's Lack of Involvement

Having denied Plaintiff's Motion to Dismiss for Lack of Jurisdiction, the Court now moves to Defendant's Motion. Plaintiff's Complaint alleges four claims of relief: Fraudulent Misrepresentations (Count I); Breach of Contract (Count II); Violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* (Count III); and Violation of M.C.L. § 600.3204, *et. seq*. (Count IV). A review of the Complaint shows that Plaintiff's claims are either based on the origination of the loan, the servicing of the loan, the default on the loan, or the foreclosure of the property, occurrences that the Court is satisfied did not involve the Defendant. The record shows that the loan was originated by Washington Mutual Bank, who assigned it to JP Morgan Chase (Def.'s Mot. to Dismiss, Ex. A, "Mortgage"; Ex. B, "Assignment of Mortgage"). Plaintiff has not provided the Court with any information which shows that Defendant was a party to the origination or the servicing of the loan.

Defendant moves this Court to grant dismissal of all of Plaintiff's allegations pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's allegations pertain to the origination, servicing, and foreclosure of the mortgage, but the records indicate that Defendant was not the originator, servicer, or foreclosing entity, and Plaintiff provides no basis on which Defendant could be held liable for the acts or omissions of the involved entities.

Additionally, Plaintiff has not pleaded sufficient facts which, if accepted as true, could support a claim for relief.  Specifically, Plaintiff fails to sufficiently allege that the Defendant became involved with the subject property at any time during the default of the loan or the subsequent foreclosure of the property, outside of its purchase of the property at the Sheriff's Sale.  For this reason, Defendant argues Plaintiff's Complaint should be dismissed against this Defendant.  The Court is satisfied that Plaintiff has failed to show Defendant's involvement, and therefore, dismisses the Complaint.

### 2. Redemption Period Expired

Under Michigan law, non-judicial foreclosures are governed by statute. Mich. Comp. Laws § 600.3204; *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993).  "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Id.*  After a foreclosure sale,

the mortgagor has a period of six months in which he may redeem the property. Mich. Comp. Laws § 600.3240(8). Upon expiration of the redemption period, all rights and title vest in the purchaser of the foreclosed property. *See* Mich. Comp. Laws § 600.3236. The former owner loses "all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption," *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942), and can no longer assert a claim with respect to the property. *See Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished). As a result, all rights, interest, and title to the subject property vested in Freddie Mac.

Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1. A court may consider equitable remedies only if there is a clear showing of fraud or irregularity *as to the foreclosure proceeding itself*, and not simply as to any conduct by a defendant. *Houston,* 2012 WL 5869918 at *5 (citing, *Freeman v. Wozniak,* 241 Mich. App. 633 (2000)). Michigan's foreclosure by advertisement scheme was meant to impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. *Conlin v. Mortg. Elec. Registration Sys., Inc.,* 714 F.3d 355, 359 (6th Cir. 2013). A plaintiff must make two showings to set aside a foreclosure action, the first being a strong case of fraud or irregularity relating to the

foreclosure proceedings itself and that the plaintiff suffered prejudice by the defendant's failure to comply with the statute, M.C.L. § 600.3204. *Id.* at 360; *Sweet Air Inv., Inc. v. Kenney,* 739 N.W.2d 656, 659 (Mich. Ct. App. 2007); *Kim v. JP Morgan Chase Bank, N.A.,* 825 N.W.2d 329, 339 (Mich. 2012).

Plaintiff's Complaint fails to survive dismissal because the statutory redemption period expired on March 7, 2013, over four months before Plaintiff filed her counterclaim in the state district court, and Plaintiff failed to plead facts sufficient to satisfy the heightened pleading requirements for fraud claims, as discussed below. *See* Fed. R. Civ. P. 9(b) (requiring "a party [to] state with particularity the circumstances constituting fraud or mistake"); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied.").

### 3. Fraudulent Misrepresentation

Defendant also argues that Plaintiff has not pleaded sufficient allegations to support a fraud claim. Rule 9(b) of the Federal Rules of Civil Procedure states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff has failed to meet this requirement.

A review of Plaintiff's Complaint shows that Plaintiff has not sufficiently alleged any fraud committed by the Defendant. The Sixth Circuit has interpreted

Rule 9(b) as requiring a plaintiff to allege the time and content of the alleged misrepresentation on which they relied, the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud. *See Yuhasz v. Brush Welman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). Michigan law does not "allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Overton v. Mortg. Elec. Registration Sys.*, 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Plaintiff's complaint fails to show a genuine issue of material fact regarding any fraud or irregularity in the foreclosure sale itself. Attached to the Defendant's motion is: (1) a copy of the mortgage, (2) a copy of the assignment of the mortgage, and (3) a copy of the sheriff's deed. As noted above, these documents were duly filed. After examination of the documents provided to the Court, the Court is satisfied that the documents appear sufficiently complete to apprise Plaintiff of the details of the loan transaction though the Court notes that Defendant was not a party to the signing and agreements contained in the documents.

Upon review of Plaintiff's Complaint, the Court is not satisfied that the Plaintiff has adequately plead a claim for fraud. The Plaintiff's response to Defendant's motion does not cure this deficiency as it also fails to specify any

fraud committed by the Defendant. Plaintiff's claim for fraudulent misrepresentation must be dismissed.

### 4. Breach of Contract

Plaintiff's next contention is that the Defendant breached the contract it had with the Plaintiff regarding the loan for the property. As noted above, Plaintiff entered into a loan agreement to purchase real property that Plaintiff later defaulted on. Then nonparty and then mortgagee JP Morgan Chase Bank instituted a foreclosure (by advertisement) on the property, pursuant to M.C.L. § 3204. Plaintiff contends that the Defendant breached the contract by making false representations and by charging a higher interest rate than that specified in the Note. However, the Court reiterates that Defendant was not a party to the original loan agreement, default, or foreclosure. This claim must be dismissed.

### 5. Violation of TILA

Plaintiff seeks relief pursuant to the Truth in Lending Act ("TILA"). Defendant argues that Plaintiff lacks standing because she filed a law suit after the expiration of the redemption period. Pursuant to 15 U.S.C. §1640, the statute of limitations for TILA claims expired one year after the violation, which was May 2007 in this case.

This claim must be dismissed because Defendant was not a party to the origination of the loan. Additionally, Plaintiff's TILA claim must be dismissed

because the statute of limitations in which to have filed this claim had elapsed. TILA has a one-year statute of limitations. *See* 15 U.S.C. § 1640(e) (stating that "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009) (quoting *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (internal quotations omitted)). Plaintiff obtained this loan on or about May 4, 2007, but did not file the complaint until July, 2013. Because this action was not commenced within one year, the statutory period has run and this claim is time-barred. *See Thielen*, 671 F. Supp. 2d at 953.

### 6. Violation of MCL 600.3204, *et seq.*

Defendant argues that Plaintiff failed to allege facts to support a claim for violation of Michigan's foreclosure by advertisement statute. Plaintiff alleges that "[Defendant] and its predecessors instituted foreclosure of the Property without giving required notices." (Compl., ¶29). However, the property was sold at a Sheriff's Sale on September 7, 2012, the redemption period having ended on March 7, 2013. Plaintiff failed to redeem the property and has not, as discussed above, provided the Court with sufficient information regarding fraud or

irregularity in the sale of the property. Defendant has attached to its motion the Sheriff's Deed that states a notice was published and posted on the property prior to the Sheriff's Sale (Def.'s Mot. to Dismiss, Ex. C, "Sheriff's Deed," pp. 2-3).

The Court is not persuaded by Plaintiff's claim that she did not receive the "required notices." As evidenced in the Sheriff's Deed, the foreclosure sale complied with the requirements of M.C.L. § 600.3204(4). Even if the Court deemed the Sheriff's Deed incredible, Plaintiff has not shown the requisite prejudice required to set aside the foreclosure sale after it has already taken place. *See Kim v. J.P. Morgan Chase Bank, N.A.*, 493 Mich. 98, 115 (2012) (explaining that a borrower must show that he would have been in a better position to preserve his interest in the property if not for the defect in compliance with the statute). Plaintiff has not stated that she could have otherwise redeemed the property or, in the alternative, is currently in the financial position to pay off the debt owed and redeem the property if the foreclosure sale is deemed to have occurred wrongfully and determined without effect. This claim is also dismissed and the Complaint must be dismissed in its entirety.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Motion to Dismiss Plaintiff's Complaint **[Docket No. 4, filed November 25, 2013]** is **GRANTED**.

**IT IS ORDERED** that Plaintiff's Motion to Dismiss for Lack of Jurisdiction **[Docket No. 6, filed December 4, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
